# GLEASON, DUNN, WALSH & O'SHEA

FRANK C. O'CONNOR III
BRENDAN C. O'SHEA
MARK T. WALSH
RONALD G. DUNN
THOMAS F. GLEASON
MICHAEL P. RAVALLI*
LISA F. JOSLIN
RICHARD C. REILLY

ATTORNEYS
40 BEAVER STREET
ALBANY, NEW YORK 12207
(518) 432-7511
FAX (518) 432-5221
www.gdwo.com

DANIEL A. JACOBS
PETER N. SINCLAIR
BRYAN J. HUEBNER

HAROLD E. KOREMAN
(1916 - 2001)

*ALSO ADMITTED IN CONNECTICUT

August 1, 2012
**VIA ECF**

Hon. David R. Homer
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse, Room 441
Albany, New York 12201

RE:   **James T. Thorpe, Sr. and Harold Rivenburgh v. Mountain Range Farms, L.P. and George Kellner**
      1:12-CV-00293 (GLS/DRH)
      Our File No. 11-680

Dear Magistrate Judge Homer:

We represent the plaintiffs James T. Thorpe, Sr. and Harold Rivenburgh in the above matter.

We write to advise the Court that the parties have reached a settlement of all of their employment-related disputes which includes a resolution of this Fair Labor Standards Act ("FLSA") case.[1] As the overall settlement includes settlement of this FLSA case, the parties request judicial approval. We therefore enclose a fully executed settlement agreement for Your Honor's review and approval.

All parties were represented by counsel experienced in employment-related matters who engaged in well-informed, vigorous arm's length negotiations over a period of several months. As to the FLSA issues, these negotiations included the exchange of several detailed hypothetical settlement calculations based on different sets of assumptions. As a result of these arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, the parties have each concluded that a settlement in the total amount of $55,000 is fair and appropriate in light of the risks and uncertainties of further litigation for each side, including uncertainties about the resolution of key issues such as whether or not defendants are subject to

---

[1] In addition to this FLSA case, the parties litigated an age discrimination case through two (2) full days of hearings at the New York State Division of Human Rights (with a third day scheduled).

Hon. David R. Homer
Page 2
August 1, 2012

the federal Fair Labor Standards Act, whether or not certain exemptions from overtime requirements apply and the number of overtime hours, if any, that plaintiffs worked.

Accordingly, the parties respectfully request that Your Honor approve the terms of the enclosed settlement agreement. If Your Honor has any questions or would like the parties to appear for any reason, please do not hesitate to let us know. We thank you for your attention to this matter.

We thank you for your attention.

Respectfully yours,

GLEASON, DUNN, WALSH & O'SHEA

By_____
    MARK T. WALSH

MTW/ks
Enclosure

cc:   Debevoise & Plimpton LLP
      919 Third Avenue
      New York, NY 10022
      Attn: Jyotin Hamid, Esq.
      *VIA ECF*

# SETTLEMENT AGREEMENT AND
# GENERAL RELEASE OF ALL CLAIMS

This is a Settlement Agreement and General Release of all Claims ("Agreement") by and between, on the one hand, James T. Thorpe, Sr. and Harold Rivenburgh (hereinafter referred to as "Plaintiffs"), and, on the other hand, Mountain Range Farms, L.P. and George Kellner (hereinafter referred to as "Defendants"). Where appropriate, this Agreement may refer to Plaintiffs and Defendants collectively as the "Parties" or to any of them individually as a "Party."

WHEREAS, on or about February 16, 2012, Plaintiffs filed a lawsuit styled *James T. Thorpe, Sr. and Harold Rivenburgh v. Mountain Range Farms, L.P. and George Kellner*, in the United States District Court for the Northern District of New York, Civil Action No. 1:12-CV-0293 (GLS/DRH) (hereinafter referred to as the "Civil Action"), alleging claims for unpaid overtime compensation under the federal Fair Labor Standards Act and the New York Labor Law;

WHEREAS, on or about June 3, 2011, Mr. Thorpe commenced an administrative proceeding styled *James T. Thorpe, Sr. v. Mountain Range Farms, L.P.*, in the New York State Division of Human Rights, Case No. 10148889, and Mr. Rivenburgh commenced an administrative proceeding styled *Harold E. Rivenburgh v. Mountain Range Farms, L.P.*, in the New York State Division of Human Rights, Case No. 10148888 (together referred to as the "NYSDHR Actions"), alleging claims of age discrimination under the New York State Human Rights Law and the federal Age Discrimination in Employment Act;

WHEREAS, Defendants have contested the claims set forth in the Civil Action and the NYSDHR Actions and deny any and all liability;

WHEREAS, in order to avoid the time, uncertainty, and expense of further litigation, the Parties now desire to settle and resolve fully all matters of dispute or potential dispute between them, including but not limited to all claims Plaintiffs asserted or could have asserted in the Civil Action and the NYSDHR Actions;

WHEREAS, Plaintiffs and Defendants are both represented by competent counsel experienced in employment law matters, and such counsel have engaged in well informed, vigorous, arm's length negotiations over a period of several months, including exchange of several detailed hypothetical settlement calculations based on different sets of assumptions; and

WHEREAS, as a result of such arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, Plaintiffs and Defendants have each concluded that a settlement in the total amount of $55,000 is fair and appropriate in light of the risks and uncertainties of further litigation for each side, including uncertainties about the resolution of key issues such as whether or not Defendants are subject to the federal Fair Labor Standards Act, whether or not certain exemptions from overtime requirements apply and the number of overtime hours, if any, that Plaintiffs allegedly worked.

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, and which the Parties believe are fair and reasonable, Plaintiffs and Defendants hereby agree as follows:

2

A. **Settlement Payment**

1. In exchange for the promises contained in this Agreement, Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs and their counsel the total settlement amount of Fifty Five Thousand Dollars ($55,000) (the "Settlement Payment"). Distribution and allocation of the Settlement Payment to and among Plaintiffs shall be the responsibility of Plaintiffs' counsel, Gleason, Dunn, Walsh & O'Shea, and Defendants shall have no responsibility for, or liability concerning, any distribution and allocation of the Settlement Payment to and among Plaintiffs.

2. The Settlement Payment described in Paragraph 1 shall be paid to Plaintiffs in exchange for Plaintiffs' release of claims and other promises below, and in full and complete settlement of any and all claims or potential claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Civil Action and the NYSDHR Actions, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

3. The Settlement Payment set forth in Paragraph 1 shall be made in the form of three separate certified checks, as follows: one certified check in the amount of $16,144.88 payable to "James T. Thorpe," a second certified check in the amount of $23,417.62 payable to "Harold Rivenburgh," and a third certified check in the amount of $15,437.50 payable to "Gleason, Dunn, Walsh & O'Shea." All three certified checks shall be delivered, within twenty (20) days after this Agreement is fully executed, to Plaintiffs' counsel, Mark T. Walsh, Esq., Gleason, Dunn, Walsh & O'Shea, 40 Beaver

3

Street, Albany, New York 12207, and shall be held in escrow by Plaintiffs' counsel pending (a) judicial approval of the Agreement by the Court in the Civil Action and (b) approval by the Division of Human Rights of the withdrawal pursuant to private settlement of the NYSDHR Actions, with prejudice. This Agreement is expressly contingent upon both (a) judicial approval of the Agreement by the Court in the Civil Action and (b) approval of the withdrawal pursuant to private settlement of both of the NYSDHR Actions, with prejudice, by the Division of Human Rights. In the event that the Court in the Civil Action fails to approve this Agreement or the Division of Human Rights fails to approve the withdrawal pursuant to private settlement of either or both of the NYSDHR Actions, with prejudice, this Agreement shall be null, void and without effect and Plaintiffs' counsel shall return the certified checks referenced above to Defendants' counsel, Jyotin Hamid, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022.

4. Defendants shall have no liability for employer or employee social security, medicare or any federal, state or local income taxes that may be owed in respect of the Settlement Payment, and Defendants shall not issue any IRS Form W-2s in respect of such payments. If it is subsequently determined that Plaintiffs owe any unpaid taxes with respect to the foregoing payment, or that additional income taxes should have been withheld with respect to said payment, Plaintiffs expressly acknowledge and agree that Plaintiffs and/or their heirs, executors, administrators and assigns, and not Defendants, will be responsible for the payment of any liabilities, payments or costs, including taxes, interest and penalties. Plaintiffs agree to indemnify and hold harmless Defendants to the

4

full extent of any such liabilities, payments or costs, including taxes, interest and penalties, which may be assessed in connection with any payment made to or on behalf of Plaintiffs.

B. **Neutral Reference**

5. In response to any inquiries from prospective employers of either Plaintiff, Defendants will provide a neutral reference consisting only of confirmation of such Plaintiff's position and dates of employment.

C. **Mutual General Releases of Claims**

6. Plaintiffs, on behalf of themselves, their spouses, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquish, waive, and release and forever discharge each of the Defendants and any of their affiliates, subsidiaries, divisions, related companies, and their predecessors, successors, assigns, current or former employees, agents, partners, officers, directors and representatives from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown by Plaintiffs, which may have arisen from the beginning of time through the date of signature on this Agreement. "All possible claims" includes those arising from, involving or relating to Plaintiffs' claims in the Civil Action and the NYSDHR Actions, including but not limited to any and all claims for damages of whatever kind or nature whatsoever, injunctive relief, attorneys' fees, expenses and costs. "All possible claims" also includes, but is not limited to, any claims arising under the Civil Rights Acts of

5

1866, 1964, 1971, and 1991, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the federal Age Discrimination in Employment Act, the federal Equal Pay Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the National Labor Relations Act, the New York State Human Rights Law, the New York State Whistleblower Law, the New York State Labor Law, the New York Wage Payment Law, as well as any and all claims for wrongful or constructive discharge, unpaid wages, breach of contract, infliction of emotional distress, libel, slander, or any other tort, common law or contract claim or claim in equity, including but not limited to claims for attorneys' fees, costs and expenses. This release shall not affect or limit: (a) any claims that may arise after the date the Parties sign this Agreement; (b) the Parties' rights to enforce the terms of this Agreement; or (c) any other claims or rights that, under controlling law, may not be released by private settlement, including the right to file a discrimination charge with an administrative agency or participate in any federal, state or local agency investigation; Plaintiffs do, however, agree to waive any right to recover money in connection with any such charge or investigations, or in connection with a charge filed by any other individual or agency.

7. Defendants, on behalf of themselves, their spouses, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquish, waive, and release and forever discharge each of the Plaintiffs and any of their predecessors, successors, agents and representatives from all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages

6

(including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, whether presently known or unknown by Defendants, which may have arisen from the beginning of time through the date of signature on this Agreement. "All possible claims" includes any and all claims for damages of whatever kind or nature whatsoever, injunctive relief, attorneys' fees, expenses and costs. This release shall not affect or limit: (a) any claims that may arise after the date the Parties sign this Agreement; (b) the Parties' rights to enforce the terms of this Agreement; or (c) any other claims or rights that, under controlling law, may not be released by private settlement.

8. Each Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against either of the Defendants, except the Civil Action and the NYSDHR Actions released herewith. Each Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law. Each Defendant represents that he or it has not filed any lawsuit or initiated any proceeding against either of the Plaintiffs. Each Defendant also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his or its behalf, to the maximum extent possible under applicable law.

D. **Dismissal of Actions**

9. Contemporaneously with the execution of this Agreement, Plaintiffs' counsel shall execute (a) a letter (substantially in the form attached hereto as Exhibit A) seeking judicial approval of this Agreement from the Court in the Civil Action; (b) a

7

letter to Administrative Law Judge Christine Marbach Kellett of the New York State Division of Human Rights (substantially in the form attached hereto as Exhibit B) withdrawing the NYSDHR Actions with prejudice pursuant to private settlement; and (c) a Notice of Dismissal (in the form attached hereto as Exhibit C) dismissing the Civil Action with prejudice. Within two (2) business days after the checks referenced in Paragraph 3 are received by Plaintiffs' counsel, Plaintiffs' counsel shall submit the letter (substantially in the form attached hereto as Exhibit A) seeking judicial approval of this Agreement to the Court in the Civil Action and the letter (substantially in the form attached hereto as Exhibit B) withdrawing the NYSDHR Actions with prejudice pursuant to private settlement to Administrative Law Judge Christine Marbach Kellett of the New York State Division of Human Rights. Within two (2) business days after the Court in the Civil Action approves the Agreement, Plaintiffs' counsel shall file with the Court in the Civil Action the Notice of Dismissal (in the form attached hereto as Exhibit C) dismissing the Civil Action with prejudice.

E. **Representations and Acknowledgements**

10. Each of the Parties represent and acknowledge that (a) they have been represented by independent counsel of their choice prior to signing this Agreement; (b) this agreement is the product of arms' length negotiations between the Parties' attorneys; (c) each has executed this Agreement with the consent and advice of such independent legal counsel; (d) they have not been forced or pressured in any manner whatsoever to sign this Agreement, and they have agreed to all of its terms voluntarily; and (e) they

8

have each reviewed each and every provision of this Agreement with their counsel and they fully understand this Agreement, including the release of claims.

11. Each Plaintiff further represents (a) that he fully understands the terms and conditions stated in this Agreement and intends to be legally bound by them; (b) that he has been encouraged by representatives of Defendants to have this Agreement reviewed by legal counsel of his own choosing and that he has been given ample time to do so prior to signing it; (c) that he has had the opportunity to negotiate concerning the terms of this Agreement; (d) that he has been provided the opportunity to take up to twenty-one (21) days to consider this Agreement, and that to the extent he signs this Agreement prior to such 21st day, he knowingly and voluntarily waives his right to consider for the remainder of such period; (e) that this Agreement specifically applies to any rights or claims he may have against Defendants or any party released herein under the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended ("ADEA"); (f) that notwithstanding anything in this Agreement to the contrary, this Agreement does not purport to waive rights or claims arising under ADEA that may arise from acts or events occurring after the date that this Agreement is signed by him; and (g) that he has the right to revoke this Agreement within seven (7) days following the date he executes this Agreement. Any revocation of this Agreement must be in writing and received by counsel for Defendants by the close of business on the seventh day following each Plaintiff's execution of this Agreement and shall be delivered to Jyotin Hamid, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, as counsel

9

for Defendants. Upon any revocation in accordance herewith, this Agreement will be rendered void and without effect.

12. Contemporaneously with the execution of this Agreement, Plaintiffs' counsel shall execute a certification (in the form attached hereto as Exhibit D) (a) that he has explained all of the terms and conditions of this Agreement to each of the Plaintiffs, (b) that each of the Plaintiffs have advised him that they understand and agree to all of the terms of the Agreement, and (c) that to the best of his knowledge and understanding each Plaintiff fully understands the terms and conditions of this Agreement and is entering into this Agreement knowingly, voluntarily and with intent to be legally bound thereby.

F. **Non-Admissions**

13. Plaintiffs agree that Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Civil Action or the NYSDHR Actions have any merit, or that Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

14. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding

10

Case 1:12-cv-00293-GLS-DRH Document 16-1 Filed 08/02/12 Page 13 of 20

of any kind as evidence of: (a) an admission or concession on the part of Defendants or any releasee of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants or any releasee that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by any Party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

G. **Additional Terms**

15. <u>Severability</u>. In the event any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, incapable of being enforced by any law or public policy or otherwise inoperative, the other portions of this Agreement shall be deemed valid and operative, and so far as it is reasonable and possible, effect shall be given to the intent manifested by the portion held invalid, illegal, incapable of being enforced or otherwise inoperative so as to render such portion valid and enforceable to the maximum extent permissible.

16. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties, and supersedes all prior agreements and understandings, both written and oral, among the Parties hereto with respect to the subject matter hereof.

17. <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, shareholders, servants,

23675775v2

employees, attorneys and agents, or any committee or other arrangement of creditors organized with respect to the affairs of each Party.

18. <u>Governing Law and Jurisdiction</u>. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said state. The Parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

19. <u>Amendment</u>. This Agreement may not be modified or amended except by a written document executed by an authorized representative of each Party.

20. <u>Waiver</u>. Waiver by a Party of any breach of any provision of this Agreement by any other Party shall not operate nor be construed as a waiver of any subsequent or other breach. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

21. <u>Headings</u>. The headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

22. <u>Construction</u>. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party, regardless of who drafted it.

23. <u>Execution in Counterparts</u>. The Parties agree that this Agreement may be executed in counterparts, and that copies or facsimiles of this Agreement shall have the same force and effect for all purposes as the original.

The undersigned Parties have executed this Agreement on the dates identified below.

MOUNTAIN RANGE FARMS, L.P.

By: _____
    George Kellner

Date: 7/12/12

JAMES T. THORPE, SR.

By: _____
    James T. Thorpe, Sr.

Date: _____

GEORGE KELLNER

By: _____
    George Kellner

Date: 7/12/12

HAROLD RIVENBURGH

By: _____
    Harold Rivenburgh

Date: _____

14

23675775v2

The undersigned Parties have executed this Agreement on the dates identified below.

| MOUNTAIN RANGE FARMS, L.P. | JAMES T. THORPE, SR. |
|---|---|
| By: _____<br>    George Kellner | By: *James T Thorpe Sr*<br>    James T. Thorpe, Sr. |
| Date: _____ | Date: 6/22/12 |

| GEORGE KELLNER | HAROLD RIVENBURGH |
|---|---|
| By: _____<br>    George Kellner | By: *Harold C Rivenburgh*<br>    Harold Rivenburgh |
| Date: _____ | Date: 6/22/12 |

So ordered.

David R Homer
U.S. M.J.
8/2/12

14

23675775v2

## Exhibit A

Hon. David R. Homer
U.S. District Court for the Northern District of New York
James T. Foley – U.S. Courthouse
445 Broadway
Albany, New York 12207

*James T. Thorpe, Sr., et al. v. Mountain Range Farms, L.P., et al.,*
**No. 1:12-CV-0293 (GLS/DRH)**

Your Honor:

We represent the Plaintiffs in the above-referenced action. This letter is submitted on behalf of all parties.

The parties are pleased to advise the Court that a settlement has been reached in this matter. As this is a case brought under the Fair Labor Standards Act, the parties desire that the settlement be judicially approved. We have therefore enclosed a fully executed copy of the settlement agreement for Your Honor's review and approval.

In reaching this settlement, all parties were represented by competent counsel experienced in employment law matters. Counsel engaged in well informed, vigorous, arm's length negotiations over a period of months. These negotiations included the exchange of several detailed hypothetical settlement calculations based on different sets of assumptions. As a result of these arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, the parties have each concluded that a settlement in the total amount of $55,000 is fair and appropriate in light of the risks and uncertainties of further litigation for each side, including uncertainties about the resolution of key issues such as whether or not Defendants are subject to the federal Fair Labor Standards Act, whether or not certain exemptions from overtime requirements apply and the number of overtime hours, if any, that Plaintiffs worked.

Accordingly, the parties respectfully request that Your Honor approve the terms of the enclosed settlement agreement. If Your Honor has any questions or would like the parties to appear for any reason, please do not hesitate to let us know. We thank you for your attention to this matter.

Respectfully yours,

Mark T. Walsh

cc: Jyotin Hamid, Esq. (by email)
 *Counsel for Defendants*

23675775v2

### Exhibit B

The Honorable Christine Marbach Kellett
New York State Division of Human Rights
Chief Administrative Law Judge
Agency Building No. 1, 2nd Floor
Empire State Plaza
Albany, New York 12220

           Rivenburg v. Mountain Range Farms, L.P. (No. 10148888)
           Thorpe v. Mountain Range Farms, L.P. (No. 10148889)

Dear Judge Kellett:

    We represent the Complainants in the above-referenced actions. As discussed during a telephone conference held with Your Honor on June 5, 2012, we write respectfully to withdraw the above-referenced actions, with prejudice, pursuant to a private settlement agreement.

    In reaching this settlement, all parties were represented by competent counsel experienced in employment law matters. Counsel engaged in well informed, vigorous, arm's length negotiations over a period of months. These negotiations followed two days of testimony before Your Honor on March 14 and 15, 2012. As a result of these arm's length negotiations, as well as each of their own independent research, inquiry, discovery and analysis, the parties have each concluded that the settlement they have reached is fair and appropriate in light of the risks and uncertainties of further litigation for each side.

    The parties have negotiated a written settlement agreement. Pursuant to that agreement, Defendants have already delivered to Plaintiffs' counsel the settlement amount, which Plaintiffs' counsel is holding in escrow pending approval from the New York State Division of Human Rights of this withdrawal of the above-referenced actions.

    Accordingly, the parties respectfully request that the New York State Division of Human Rights approve the withdrawal of the above-referenced actions with prejudice. If Your Honor has any questions or would like the parties to appear for any reason, please do not hesitate to let us know. We thank you for your attention to this matter.

                                          Respectfully yours,

                                          Mark T. Walsh

cc: Jyotin Hamid, Esq. (by email)
    *Counsel for Respondents*

23675775v2

## Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES T. THORPE, SR. and,
HAROLD RIVENBURGH,

    Plaintiffs,     No. 1:12-CV-0293 (GLS/DRH)
                **ECF CASE**
v.

MOUNTAIN RANGE FARMS, L.P., and
GEORGE KELLNER,

    Defendants.
------------------------------------------------------------x

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiffs James T. Thorpe, Sr. and Harold Rivenburgh, by their undersigned counsel, hereby voluntarily dismiss the above-captioned action in its entirety with prejudice. No answer or motion for summary judgment has been filed.

GLEASON, DUNN, WALSH & O'SHEA
*Attorneys for Plaintiffs*
40 Beaver Street
Albany, New York 12207
(518) 432-7511


By: _____
   Mark T. Walsh

23675775v2

## Exhibit D

I, Mark T. Walsh, attorney for James T. Thorpe Sr. and Harold Rivenburgh, hereby certify as follows: (a) I have explained to Messrs. Thorpe and Rivenburgh all of the terms and conditions of the Settlement Agreement and General Release by and between, on the one hand, Messrs. Thorpe and Rivenburgh, and, on the other hand, Mountain Range Farms, L.P. and George Kellner (the "Agreement"); (b) Mr. Thorpe and Mr. Rivenburgh have each advised me that they understand and agree to each of the terms of the Agreement; and (c) to the best of my knowledge and understanding each of Messrs. Thorpe and Rivenburgh fully understands the terms and conditions of the Agreement and is entering into the Agreement knowingly, voluntarily and with intent to be legally bound thereby.

_____
Mark T. Walsh
Date:

23675775v2